IN THE UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 16 2009

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

| | |
|---|---|
| SARAH C. DOZIER, as Administrator of the Estate of KATHRYN JOHNSTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, a Municipal Corporation of the State of Georgia;<br>GREGG JUNNIER, Individually and in his official capacity as a Police Officer of the City of Atlanta;<br>JASON R. SMITH, Individually and in his Official capacity as a Police Officer of the City of Atlanta;<br>ARTHUR TESLER, Individually and in his Official capacity as a Police Officer of the City of Atlanta;<br>SGT. W.T. STALLINGS, Individually and in his official Capacity as a Police Officer of the City of Atlanta;<br>LT. S. GIBBS, Individually and in her official Capacity as a Police Officer of the City of Atlanta;<br>RICHARD PENNINGTON, Individually and in his official capacity as Chief of Police of the City of Atlanta Police Department;<br>Maj. PEARLENE WILLIAMS, Individually And in her official capacity as a Police Officer of the City of Atlanta;<br>ASST. CHIEF DREHER, Individually and in his official capacity as a Police Officer of the City of Atlanta;<br>Maj. E.R. FINLEY, Individually and in his official capacity as a Police Officer of the | **CIVIL ACTION FILE**<br>**NO. 1:08-CV-0007-MHS** |

437867-1

1

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 16 2009

By: _____ HATTEN, Clerk
        Deputy Clerk

City of Atlanta;                                    )
MAJOR MATHIS, Individually and in his               )
official capacity as a Police Officer of the        )
City of Atlanta;                                    )
MAJOR BROOKS, Individually and in his               )
official capacity as a Police Officer of the        )
City of Atlanta                                     )
DEPUTY CHIEF PETER ANDRESEN,                        )
Individually and in his official capacity as a      )
Police Officer of the City of Atlanta; and          )
MAJOR C.J. DAVIS, Individually and in her           )
official capacity as a Police Officer of the        )
City of Atlanta.                                    )
                                                    )
        Defendants.                                 )

## CITY DEFENDANTS' STATEMENT OF MATERIAL FACTS OF WHICH THERE IS NO GENUINE DISPUTE

Pursuant Local Rule 56.1(B)(1), Defendants the City of Atlanta, Chief Richard Pennington, Asst. Chief Alan J. Dreher, Deputy Chief Peter Andresen, Maj. Pearlene Williams, Maj. Marion Brooks (ret.), Maj. Ernest Finley, Maj. John Mathis, Maj. C.J. Davis and Lt. Stacie Gibbs (hereinafter "City Defendants"), respectfully submit the following Statement of Material Facts About Which There Is No Dispute:

1.      On April 10, 2007, Gregg Junnier entered a Guilty Plea and Plea Agreement in the United States District Court, Northern District of Georgia, Atlanta Division, Criminal No. 1:07-CR-129. In his federal plea, Junnier admitted to violating the civil rights of Ms. Kathryn Johnston resulting in her death. Junnier

also pleaded guilty in Fulton County Superior Court to the reduced charges of voluntary manslaughter (count one), violation of oath by public officer (count four), criminal solicitation (count five); false statements (count nine). Junnier was sentenced to 150 months in prison and is currently served time at a federal prison in Coleman, Florida [*Junnier* Guilty Plea and Plea Agreement, p. 1, *United States v. Gregg Junnier*, U.S.D.C., Northern District of Georgia, Atlanta Division, Criminal No. 1:07-CR-129].

2. While working as a narcotics officer for the Atlanta Police Department, Gregg Junnier and Jason R. Smith made false statements in the form of sworn affidavits to state magistrate judges in order to procure search warrants for residences and other locations where Junnier and Smith believed illegal drugs would be found. . . . [Id. *Junnier* Plea Agreement, Statement of Facts, Exhibit 1, ¶ 3; [*Smith* Guilty Plea and Plea Agreement, Exhibit 1, Statement of Facts, ¶ 5, *United States v. Jason R. Smith*, U.S.D.C., Northern District of Georgia, Atlanta Division, Criminal No. 1:07-CR-129].

3. Whenever Gregg Junnier or J.R. Smith were asked about a search warrant executed under a fraudulently procured warrant, Junnier and Smith would make statements consistent with whatever false statements were given to procure the warrant in the first place [Id., ¶ 10].

4. Junnier stated to the FBI that he believed that if he falsified affidavits for search warrants he would be considered a productive officer. Junnier stated to the FBI that he believed these ends justified his illegal "fluffing" or falsifying of search warrant affidavits [Id., ¶ 11].

5. On November 21, 2006 at approximately 6:40 p.m, Gregg Junnier, Jason R. Smith and Arthur Tesler, along with other APD officers, executed a search warrant on 933 Neal Street in violation of the Fourth Amendment to the U.S. Constitution and their oath of office as APD officers [*Junnier*, ¶ 25; *Smith*, ¶ 16].

6. On November 22, 2006, Junnier and Smith gave statements to the Atlanta Police Department's Homicide detectives that contained several false statements [*Junnier*, ¶ 37; *Smith*, ¶ 25].

7. After the shooting at 933 Neal Street, Junnier, Smith and Tesler met at various locations to discuss and perfect the cover up and agreed that each of them would make false statements when they were questioned by law enforcement officials in order to conceal their criminal conduct [*Junnier*, ¶ 39; *Smith*, ¶¶ 19, 20, 22, 27; *Tesler* Guilty Plea and Plea Agreement, Statement of Facts, ¶¶ 41, 45, 47, *United States v. Arthur B. Tesler*, U.S.D.C., Northern District of Georgia, Atlanta Division, Case No. 1:08-CR-424-JEC].

8. When questioned by federal agents in a proffer session on December 11, 2006, Defendant Junnier admitted his role in the conspiracy rather than giving a false statement pursuant to the cover story he had created with his co-conspirators Smith and Tesler [*Junnier*, ¶ 40].

9. On or about December 20, 2006, in a proffer session with federal agents, Jason R. Smith made false statements to federal agents consistent with the statements he had made on the affidavit submitted to the magistrate [Smith Guilty Plea and Plea Agreement, Exhibit 1, Statement of Facts, ¶ 28, *United States v. Jason R. Smith*, U.S.D.C., Northern District of Georgia, Atlanta Division, Criminal No. 1:07-CR-129].

10. On January 10, 2007, in an interview with federal agents, Jason R. Smith admitted that he made false statements to the Atlanta Police Department on November 22, 2006. Smith also admitted that he made false statements to federal agents in his December 20, 2006 proffer session [*Smith*, ¶ 29].

11. On May 23, 2007, Jason R. Smith entered a Guilty Plea and Plea Agreement in the United States District Court, Northern District of Georgia, Atlanta Division, Criminal No. 1:07-CR-129. In his federal plea, Jason R. Smith admitted to violating the civil rights of Ms. Kathryn Johnston resulting in her death. Smith pleaded guilty in Fulton County Superior Court to the reduced charges of voluntary manslaughter (count one), violation of oath by public officer

(count five), criminal solicitation (count eight), false statements (count six) and perjury (count thirteen). Smith was sentenced to 150+ months in prison and is currently served time at a federal prison in Fairton, New Jersey [*Smith*, p. 4].

12. At about 2:00 p.m., November 21, 2006, Smith, Junnier and Tesler drove in a marked car to a set of apartments located at 350 Lanier Street, a "hot spot" where they had discovered drugs in the past [Id., ¶ 7].

13. One of the local businesses that Junnier had a security consulting contract with was located at 350 Lanier Street [Junnier Testimony, May 8, 2008, p. 27; *The State of Georgia v. Arthur B. Tesler*, Superior Court of Fulton County, State of Georgia, Indictment No. 07-SC-55954].

14. Smith recovered three plastic sandwich bags of [illegal drugs] in a wooded area behind 350 Lanier Street. SMITH placed all three sandwich bags in the trunk of the patrol car [*Smith* Guilty Plea and Plea Agreement, Exhibit 1, Statement of Facts, ¶ 7].

15. After receiving a tip, Smith, Junnier and Tesler arrested Fabian Sheats and told him they would charge him with possession of the drugs found at 350 Lanier Street [Id., ¶¶ 8, 9].

16. After Smith, Junnier and Tesler told Fabian Sheats that he would be charged with possession of the recovered drugs, Sheats told them that he could direct them to a house where he had observed illegal drugs – specifically, a

6

437867-1

kilogram of cocaine – earlier that day. Although Sheats did not state the address, he had the officers drive him to the house, and pointed out the residence located at 933 Neal Street. Sheats claimed he bought crack cocaine in that house from a black male named "Sam," of whom he provided a physical description [Id., ¶ 10].

17. Without following APD procedure or the law, Smith, Junnier, and Tesler drove to the Fulton County Jail, where an affidavit in support of a warrant could be submitted to a state magistrate [Id., ¶ ¶ 11, 12].

18. Smith went inside the jail and drafted an affidavit in support of a search warrant for the residence located at 933 Neal Street. Smith included in that affidavit several false statements. Smith presented the aforementioned false affidavit to a magistrate and falsely swore to the truth of the statements contained in the affidavit. Based on this false information, the magistrate issued a "no-knock" search warrant for 933 Neal Street at 5:53 p.m. [Id., ¶ ¶ 14, 15]

19. When Smith, Junnier, and Tesler joined the other APD narcotics officers from Narcotics Team "1", Smith gave a briefing to the other officers in which he recounted the false statements that were contained in the affidavit as if they were true. The other members of Narcotics Team "1" were unaware of that Smith, Junnier and Tesler had not followed APD procedure and the law [Id. ¶ 15].

437867-1

20. Smith planted three bags of marijuana in the basement of the house at 933 Neal Street. Other than the drugs that were planted by Smith, no illegal drugs were found at 933 Neal Street [Id. ¶ 19].

21. Smith, Junnier and Tesler met several times to fabricate a cover story consistent with the false statements in the warrant affidavit. The officers asked another Confidential Reliable Informant (CRI), Alexis White, to pretend he made the purchase at 933 Neal Street and go along with their cover story [Id. ¶ 19, 20, 22].

22. Smith told his APD superior officers a false story regarding the purchase of the drugs at 933 Neal Street [Id. ¶ 21].

23. APD records reflect that on November 22, 2006, SMITH submitted two bags of crack cocaine to APD Property Management, falsely indicating that the drugs were bought by an informant at 933 Neal Street on November 21, 2006 [Id. ¶ 23].

24. On April 21, 2008, the state court trial of Arthur B. Tesler began in Fulton County Superior Court. Tesler was charged with: 1) Violation of Oath by a Public Officer, O.C.G.A. § 16-10-1; 2) False Statements, O.C.G.A. § 16-10-20; 3) False Imprisonment under Color of Legal Process, O.C.G.A. § 16-5-42 [*The State of Georgia v. Arthur B. Tesler*, Superior Court of Fulton County, State of Georgia, Indictment No. 07-SC-55954].

25.  On May 21, 2008, Arthur Tesler was found guilty of making false statements, O.C.G.A. § 16-1-20, and sentenced to four and-a-half years in state prison [Id.].

26.  On October 30, 2008, Arthur B. Tesler entered a Guilty Plea and Plea Agreement in the United States District Court, Northern District of Georgia, Atlanta Division, Criminal No. 1:08-CR-1424-JEC.  In his federal plea, Tesler admitted to violating the civil rights of Ms. Kathryn Johnston resulting in her death [*Tesler* Guilty Plea and Plea Agreement, p. 1, United States District Court, Northern District of Georgia, Atlanta Division, Criminal No. 1:08-CR-1424-JEC].

27.  In or about January 2006, Defendant Arthur Tesler was assigned to the Narcotics Unit of APD.  Tesler generally worked on "Team 1" with Officer Gregg Junnier, who had been in the unit for about eight years, and Officer Jason R. Smith, who had been in the unit for about three years.  They all worked primarily in the areas of Atlanta, Georgia designated by APD as "Zone 1" and "Zone 4."  Zone 1 includes 933 Neal Street.  Both zones encompass many neighborhoods infested with illegal drug dealing and other criminal activity [*Tesler* Plea Agreement, Statement of Facts, p. ¶¶ 1, 2, 3].

28.  On numerous occasions, Tesler falsely swore in search warrant affidavits that the he had personal knowledge of the information presented, when

437867-1

9

in fact the warrant was "traded" or "handed-off" and used information gathered, or purportedly gathered, by other Narcotics Unit officers [Id., ¶ 8].

29. On numerous occasions, Tesler falsely swore in search warrant affidavits that he had followed proper procedures to corroborate that CRIs had purchased illegal drugs at the particular location to be searched, including falsely swearing that he had searched the CRI before and after the CRI purchased illegal drugs, and that he personally observed the CRI make the purchase [Id., ¶ 10]; falsely swearing in search warrant affidavits that he had conducted surveillance at a location and had personally confirmed (or re-confirmed) drug-dealing activity, when in fact he had not actually conducted such surveillance [Id., ¶ 11]; made false statements in search warrant affidavits and in CRI vouchers, inflating or "padding" the cost of the illegal drugs supposedly purchased by the CRI, in order to generate additional reimbursement payments from APD [Id., ¶ 12]; and made false statements in search warrant affidavits claiming that CRIs had purchased illegal drugs at the location to be searched, when, in fact, he knew that no such purchase had been made [Id., ¶ 14].

30. Junnier, Smith and Tesler, provided numerous businesses in Atlanta with "security" or "consulting" services in exchange for weekly cash payments. The services consisted primarily of providing more police presence and response

by on-duty APD officers than was received by citizens who did not make such payments [Id., ¶ 15].

31.   Junnier, Smith and Tesler normally while on-duty: regularly drove by or parked at the paying businesses, often in a marked patrol car and in police clothing; responded to address alleged criminal activity or to drive away unwanted persons from the paying businesses; or arranged for other officers to do so. This arrangement sometimes included providing the businesses with the cell phone number of a conspirator, which could be called to obtain a police response faster than calling 911 or for matters that otherwise would not receive prompt police attention [Id., ¶ 16].

32.   Junnier, Smith and Tesler would split the cash received, which generally amounted to several hundred dollars a week, among themselves as well as with other officers who provided services [Id., ¶ 17].

33.   Junnier, Smith and Tesler concealed the true nature of the payments by: claiming that they were working legitimate, off-duty "extra" jobs for some of the paying businesses in accordance with APD policy; and not notifying APD at all that they were working some of the jobs [Id., ¶ 18].

34.   Junnier, Smith and Tesler spent significant time performing these (extra security) services and collecting payment while on-duty, detracting from time available to perform the work needed to follow the Constitution, laws, and

proper police procedures to gather and truthfully present the evidence needed for lawful search warrants [Id., ¶ 19].

35. Junnier, Smith and Tesler would falsify incident reports and other official police documents to be consistent with the false statements used to obtain unlawful search warrants and to engage in other violations of law and policy [Id., ¶ 20].

36. Junnier, Smith and Tesler tacitly agreed not to report violations of the Constitution, laws, and APD policies to anyone who might take action against the conspirators as a result. They also tacitly agreed to corroborate each other's false statements to prevent detection of these violations if ever questioned about them [Id., ¶ 21].

37. Between January 2006 and November 21, 2006, Defendant Tesler repeatedly violated his oath of office by not reporting any of the violations of the Constitution, laws, and APD policies that he participated in and was aware of to his chain of command, APD's Office of Professional Standards, or otherwise as required by his oath of office and APD policy [Id., ¶ 27].

39. On or about November 21, 2006, Tesler drafted and filed an APD Incident Report containing numerous false statements, including a statement that a purchase of crack cocaine had been made at 933 Neal Street that day [Id., ¶ 39].

40. On or about December 7, 2006, Tesler was interviewed by FBI agents and others concerning the death of Kathryn Johnston. During that interview, TESLER made false statements consistent with the false statements contained in Smith's false search warrant affidavit, and consistent with the fabricated story that he had concocted with Smith and Junnier [Id., ¶ 49].

41. Chief Richard Pennington is the official policymaker for the Atlanta Police Department [Atlanta City Code §98-26].

42. None of the City Defendants – Pennington, Dreher, Andresen, Williams, Brooks, Mathis, Finley, Davis or Gibbs – personally participated in the drug raid at 933 Neal Street on November 21, 2006. None of the City Defendants had any subjective knowledge of any prior similar incidents in which a citizen's constitutional rights were violated [Depositions and Affidavits *ad seriatum*].

43. In November of 2006, the City of Atlanta's Police Department had a Search and Seizure policy in place [APD Policy Manual, APD SOP. 3020].

44. In November 2006, the Atlanta Police Department had a policy and Work Rule on "Truthfulness" in place [APD Policy Manual, Work Rule 4.1.03].

45. In November 2006, there were nine (9) narcotics officers on Narcotics Team "1" – Junnier, J.R. Smith, Tesler, Buchanan, Bond, Guerin, Lucas, Gary Smith – including Sgt. Wilbert Stallings. The FBI investigation found no credible

437867-1

evidence implicating Guerin, Lucas or Gary Smith in any of the illegal activities of Junnier, Smith, Tesler and Stallings [FBI Report, DOZIER-COA 0007].

46. Sgt. Wilbert Stallings was the day-to-day supervisor of Narcotics Team "1". Sgt. Stallings received a share of the money from the businesses that paid Junnier for his services [FBI Report, p. DOZIER-COA 00011, 00012].

47. Sgt. Stallings never informed Lt. Gibbs or any of his superiors about his illegal activities [FBI Report, p. 000319.].

48. Gregg Junnier received a total of 1073 hours of training including 82 hours related to narcotics enforcement and warrants. [Gibbs Affidavit, Exhibit "A", Attachment 3].

49. J.R. Smith received a total 1359 hours of training including 122 hours related to narcotics enforcement and warrants. [Id., Attachment 4].

50. Arthur Tesler received a total of 1500 hours of training including 102 hours related to narcotics enforcement and warrants. [Id., Attachment 5].

51. Sgt. Wilbert Stallings received a total of 1020 hours of training including 125 hours in supervision and 104 hours related to narcotics enforcement. [Id., Attachment 6].

52. The City of Atlanta has a performance evaluation system that measures the performance of every city employee on a yearly basis [Affidavits of Savage, Brooks, Finley, Browning and Gibbs].

14

437867-1

53. From 2003 through 2006, the Narcotics Unit made 7,760 arrests and obtained 1,298 search warrants [Gibbs Affidavit, Attachment 1].

54. From 2001 to November 2006, the Office of Professional Standards for the Atlanta Police Department received the following citizen complaints regarding search warrants by APD officers: a) June 2003: Mary McCoy; b) August 2005: Alphonso Howard [Hagin Affidavit, Exhibit "G", ¶ 6].

55. The Office of Professional Standards has a formal disciplinary policy and system for handling complaints of misconduct by police officers [Hagin Affidavit; O'Brien Affidavit].

56. The City of Atlanta has not waived its sovereign immunity and does not have liability insurance covering the acts described in Plaintiff's Complaint [Detter Affidavit, Exhibit "K"].

Respectfully submitted this 16th day of December 2009.

           **R. ROGER BHANDARI**
           City Attorney
           Georgia Bar No. 056340

BY: _____
           **DENNIS M. YOUNG**
           Senior Assistant City Attorney
           Georgia Bar No. 781744

           **STEPHEN A. POWER**
           Associate City Attorney
           Georgia Bar No. 600565

                                           Attorneys for City Defendants
Chief of Police Richard Pennington, Asst. Chief Alan Dreher, Deputy Chief Peter Andresen, Maj. Pearlene Williams, Maj. Marion L. Brooks (ret.), Maj. E.R. Finley, Maj. John Mathis, Maj. C.J. Davis and Lt. Stacie Gibbs

**CITY OF ATLANTA LAW DEPARTMENT**
68 Mitchell Street, SW, Suite 4100
Atlanta, GA  30303
(404) 330-6567 (telephone)
(404) 546-8581 (facsimile)
dmyoung@atlantaga.gov

16

437867-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARAH DOZIER, as Administrator of the Estate of KATHRYN JOHNSTON, )<br><br>Plaintiff, )<br><br>v. )<br><br>CITY OF ATLANTA, et al., )<br><br>Defendants. ) | **CIVIL ACTION CASE NO. 1:08-CV-00007-MHS** |

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2009, I filed the foregoing CITY DEFENDANTS' STATEMENT OF MATERIAL FACTS OF WHICH THERE IS NO GENUINE DISPUTE with the Clerk of Court via hand delivery. I have also this day served counsel for the opposing parties with a copy of the within and foregoing by depositing it in the U.S. Mail with proper postage, addressed to Plaintiff's attorneys of record as follows:

Hezekiah Sistrunk, Jr., Esq.
Jane Lamberti Sams, Esq.
Shean Williams, Esq.
COCHRAN, CHERRY, GIVENS, SMITH, SISTRUNK & SAMS, P.C.
800 The Candler Building
127 Peachtree Street, N.E.
Atlanta, GA 30303

*[continued on next page]*

437867-1

William Mitchell, Esq.
**CRUSER & MITCHELL, LLP**
Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092

Nicholas C. Moraitakis, Esq.
**MORAITAKIS, KISHEL, PEARSON & GARDNER, LLP**
3445 Peachtree Road, N.E., Suite 425
Atlanta, GA 30326

Additionally, a true and correct copy of the foregoing **CITY DEFENDANTS' STATEMENT OF MATERIAL FACTS OF WHICH THERE IS NO GENUINE DISPUTE** was placed in an envelope with adequate postage affixed thereto and mailed to:

Arthur Tesler, *pro se*
4014 Caddie Drive
Acworth, Georgia 30101

Gregg Junnier (59088-019)
FCI Coleman Medium
Federal Correction Institution
Post Office Box 1032
Coleman, FL 33521

Jason R. Smith (59089-019)
FCI Fairton
Federal Correctional Institution
Post Office Box 420
Fairton, NJ 08320

*[continued on next page]*

437867-1

Wilbert Stallings (05587-019)
FMC Devens
Federal Medical Center
Post Office Box 879
Ayer, MA  01432

_____
**DENNIS M. YOUNG**
Senior Assistant City Attorney
Georgia Bar No. 781744

**CITY OF ATLANTA LAW DEPARTMENT**
68 Mitchell Street, SW, Suite 4100
Atlanta, GA  30303
(404) 330-6567 (telephone)
(404) 546-8581 (facsimile)
dmyoung@atlantaga.gov

19

437867-1